JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD RASBERRY,<br><br>    Petitioner,<br><br>v.<br><br>R.C. JOHNSON, Warden,<br><br>    Respondent. | No. CV 19-866-RGK (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

**I.**

**BACKGROUND**

Edward Rasberry ("petitioner") initiated this action on February 5, 2019, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2019 Petition" or "2019 Pet."). The 2019 Petition challenges his September 12, 2011, conviction in the Los Angeles County Superior Court, case number BA389670, for robbery (Cal. Penal Code § 211), carjacking (Cal. Penal Code § 215), and assault with a deadly weapon or force (Cal. Penal Code § 245), along with various enhancements. (2019 Pet. at 2).

The Court observes that on July 22, 2015, petitioner filed an earlier habeas petition in this Court, in case number CV 15-5555-RGK (PLA) ("15-5555"), also challenging his 2011 conviction ("2015 Petition"). The 2015 Petition was dismissed without prejudice as unexhausted and unverified,

and/or for failure to prosecute and to follow court orders, pursuant to the Judgment entered on January 13, 2016. (Case No. 15-5555, ECF Nos. 9, 10). The Court denied a certificate of appealability. (Case No. 15-5555, ECF No. 11). Petitioner did not appeal from that Judgment.

On April 13, 2017, petitioner filed another habeas petition in this Court, in case number CV 17-2808-RGK (PLA) ("CV 17-2808"), also challenging his 2011 conviction ("2017 Petition"). The 2017 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on October 6, 2017. (Case No. CV 17-2808, ECF No. 18). The Court denied a certificate of appealability. (Case No. CV 17-2808, ECF No. 19). Petitioner did not appeal from that Judgment.

## II.

## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2015 Petition, petitioner raised one claim, namely that the Supreme Court's decision in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 101 L. Ed. 2d 215 (1963), applied to his case because the State "withheld disclosure of evidence document, that sent [him] to (prison)." (Case No.

2

15-5555, ECF No. 6 (citing 2015 Pet. at 3)). As mentioned above, on January 13, 2016, the action was dismissed without prejudice as unexhausted and unverified, and/or for failure to prosecute and to follow court orders. (Case No. 15-5555, ECF No. 10).

In his 2017 Petition,[1] petitioner alleged the following claims: (1) he was denied his right to confront and cross-examine witnesses; (2) trial counsel was ineffective; (3) he was subjected to a warrantless search and seizure; and (4) appellate counsel was ineffective. (Case No. 17-2808, ECF No. 13 (citing 2017 Pet. at 5, 6)). As previously noted, case number 17-2808 was dismissed *with* prejudice as time barred. (Case No. 17-2808, ECF No. 18).

In the 2019 Petition,[2] petitioner appears to set forth the following claims: (1) the investigating officer was improperly allowed to give an expert opinion at trial (also restated as ground 16); (2) he was denied a fair trial as the jury was allowed to hear a jail telephone call in which he stated he faced life in prison; (3) the trial court admitted evidence that "victim Williams was the intended target in the murder of his friend Charles"; (4) the prosecution was allowed to call petitioner's former co-defendant as a witness, and the witness asserted his Fifth Amendment privilege when petitioner attempted to question him (also restated as ground 17); (5) the trial court improperly denied petitioner's request for a mistrial when the prosecutor, "without foundation, asked Williams if he had told other jail inmates that he was helping the defense"; (6) the gang evidence that was admitted was irrelevant and prejudicial; (7) cumulative error; (8) imposition of "separate punishment for robbery, assault and carjacking [was] improper"; (9) trial court "did not understand its discretion to impose concurrent terms for robbery, carjacking and assault"; (10) he was denied his right to confront and cross-examine witnesses (also restated as ground 14); (11) trial counsel was ineffective; (12) petitioner was

---

[1] The Court notes that a later habeas petition is not considered "successive" if the initial habeas petition -- as was the case with the 2015 Petition -- was dismissed *without prejudice* for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that a second habeas petition is not successive if the initial petition was dismissed without prejudice as a mixed petition containing exhausted and unexhausted claims where no claim in initial petition was denied on the merits).

[2] Notwithstanding the two prior habeas actions he filed in this Court, petitioner denied having filed any previous habeas petition in any federal court with respect to his judgment of conviction. (2019 Pet. at 35).

subjected to a warrantless search and seizure; (13) ineffective assistance of appellate counsel; and (14) "contrary to the opinion of the court of appeal, the robbery, assault and carjacking were done for the sole purpose of taking $5,000 that the perpetrator knew the victim was carrying." (2019 Pet. at 2-3).

A habeas petition -- such as the 2017 Petition -- that has been dismissed with prejudice for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack, 529 U.S. at 485-86 (which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation)); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal of an earlier petition *with* prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Further, petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even though petitioner is seeking to present some new claims in the 2019 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. Thus, the 2019 Petition is successive. Moreover, even if the instant claims satisfied any of the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) that would allow for a successive petition (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek *and receive* authorization from the Ninth Circuit before filing a successive petition.[3] 28

---

[3] AEDPA provides an "actual innocence" exception to the bar on claims raised in second or successive petitions. 28 U.S.C. § 2244(b)(2)(B); see also McQuiggin v. Perkins, 569 U.S. 383, 391-92, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive, and procedurally defaulted claims). This Court considered -- and rejected -- petitioner's attempt to allege actual innocence in his 2017 Petition, because he had failed to support his claim by presenting any new evidence to show that he did not commit the crimes. (Case No. 17-2808, ECF Nos. 13 at 8-9, 17). To the extent, if any, that petitioner is again asserting in his 2019 Petition a claim of actual innocence based on newly discovered evidence, such a claim is in substance a second petition and, therefore, must first be authorized by the Ninth Circuit Court of Appeals before it may be reviewed by this Court. See Woods v. Carey, 525 F.3d
(continued...)

U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit -- either in the 2019 Petition or on the Ninth Circuit's website. It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the Petition without prejudice as successive is appropriate.[4]

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: February 13, 2019

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for [the § 2244(b)(2)(B)] exception[ ], he must seek authorization from the court of appeals before filing).

[4] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.